### 30279. BRAY *v.* THE STATE.

DECIDED NOVEMBER 4, 1943.

*Ernest C. Britton, Joseph O. McGehee,* for plaintiff in error.
*Ed Wohlwender Jr., solicitor-general, J. M. Rogers,* contra.

BROYLES, C. J. The defendant was tried for murder and convicted of involuntary manslaughter in the commission of an unlawful act. The indictment charged that the accused on January 17, 1943, in Muscogee County, Georgia, wilfully and maliciously killed Mrs. John M. Brady by then and there driving a motor-vehicle upon her, thereby inflicting upon her a mortal wound which caused her death.

The evidence disclosed that Mrs. Brady was a passenger in an automobile operated by her husband which was proceeding in a westerly direction on a public highway in Muscogee County; that the defendant was driving his car on the same highway in an east-

erly direction; that the cars collided head on; and that Mrs. Brady received injuries which caused her death soon after the collision. The evidence, while conflicting, further authorized the jury to find that the defendant was under the influence of liquor at the time the collision occurred; that he was operating his car at an unlawful speed; that he was driving on the wrong side of the road; and that these unlawful acts were the proximate cause of Mrs. Brady's death. It follows that the verdict was supported by the evidence.

A special ground of the motion for new trial complains of the following excerpt from the charge: "I charge you that the law as to driving under the influence of intoxicants and as to meeting on the highway applies equally to the driver of both vehicles, the one driven by the defendant and the one driven by the driver or the person operating the automobile in which the deceased is alleged to have been killed, and it is the province of the jury to ascertain whether the defendant was violating the laws just mentioned, and if so, whether or not such acts were such as in their consequences naturally tended to destroy human life, and if so, and such acts proximately caused the death of the person alleged to have been killed. The defendant insists that the acts of the driver of the other car, to wit, the car in which the deceased was riding at the time of the occurrence, were the proximate causes of the death of the person killed. If you find this to be true and that the driver of the other car through his acts proximately caused the death of the deceased, then the defendant would not be guilty. Now all of this is for you to determine under the law and the testimony, considering together with it the defendant's statement." The ground assigns the charge as error because: "(a) It was misleading to the jury. (b) It was also erroneous in that the charge as given gave the law and test of civil liability, rather than the law and test of criminal liability."

Conceding that the court erred in charging upon the subject of contributory negligence, we do not think that the charge, under the facts of this case, was prejudicial to the accused. Mrs. Brady (who was killed) was not operating the car in which she was riding, and there is no evidence tending to show any contributory negligence on her part. Therefore, the charge complained of, while inapt, shows no cause for a reversal of the judgment.

*Judgment affirmed.   MacIntyre and Gardner, JJ., concur.*